# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WAYNE RESPER, | |
| Plaintiff, | |
| v. | Civil Action No.: GLR-21-2012 |
| CORIZON HEALTH, INC., *et al*. | |
| Defendants. | |

## DEFENDANTS CORIZON HEALTH, INC., HOLLY HOOVER, NP, SUSAN PRYOR, RN, JANICE ROBINSON, RN, BRITTANY HAMLETT, WILLIAM BEEMAN, RN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Corizon Health, Inc. ("Corizon"), Holly Hoover, NP, Susan Pryor, RN, Janice Robinson, RN, Brittany Hamlett, and William Beeman, RN ("Corizon Defendants"), by undersigned counsel, hereby submit this Motion to Dismiss.[1]

## I. STATEMENT OF FACTS

### A. Plaintiff's Allegations

Plaintiff Wayne Resper, a *pro se* inmate incarcerated by the Maryland Department of Public Safety and Correctional Services ("MDPSCS"), initiated this Complaint on or about November 2, 2021. He alleges that he was transferred to North Branch Correctional Institution ("NBCI") on August 24, 2020, but that his medications and devices were not returned to him. (Complaint, p. 3). He alleges that Defendant Nurse Practitioner ("NP") Holly Hoover failed to examine him, left his chronic conditions untreated and/or undocumented, and delayed care for lumps and blotches in his groin area. (*Id*. at 3-4). He claims that Defendant Brittany Hamlett disregarded his complaints. (*Id*. at 4). He alleges that Defendant Nurse William Beeman refused

---

[1] Corizon was unable to locate any currently or former employee named Amy Berkebile. Defendant William Raynor, III is no longer employed by Corizon and thus was not served with a copy of this lawsuit.

to assist him. (*Id*.). He claims that Defendant Nurse Susan Pryor failed to properly and accurately document his conditions and failed to provide him with dressing changes, plastic bags, and tape. (*Id*. at 5). He alleges that Defendant Nurse William Raynor failed to document his chronic condition and failed to refer his ulcers for treatment. (*Id*. at 5-6). He claims that Defendant Nurse Janice Robinson failed to refer him for treatment in response to sick call requests. (*Id*. at 6). He alleges that Defendants NP Hoover and Nurse Beeman lied about his need for a wheelchair and failed to provide him with a seated walker. (*Id*. at 7). Plaintiff further claims that he was precluded from shower access, recreation, library access, Skype visits, and institutional access because he did not receive a wheelchair or seated walker. (*Id*. at 9).

Plaintiff alleges his rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") were violated because his medical records were not accurately maintained. (*Id*. at 9). He further complains that he was not issued a medical assignment to be housed pursuant to the Americans with Disabilities Act ("ADA"). (*Id*.). Plaintiff claims that he was subject to "discriminatory, retaliatory medicine – providing medical care to other prisoners while denying the same to Plaintiff after Plaintiff filed multiple complaints with the Warden's Office regarding the Defendants' grossly deficient medical practices against Plaintiff." (*Id*. at 9).

In addition to those causes of action listed above, Plaintiff asserts causes of action under the Constitution of the State of Maryland, the Maryland Tort Claims Act, the Maryland Malpractice Act, and the Maryland Healthcare Malpractice Claims Act. (*Id*. at 1).

## II. LEGAL ARGUMENT

### A. Motions to Dismiss

As to a 12(b)(6) motion to dismiss, a plaintiff fails to state a claim when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This requirement "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

The Supreme Court has held that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). However, the Fourth Circuit has "not read *Erickson* to undermine *Twombly's* requirement that a pleading contain more than labels and conclusions." *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing pro se complaint); *accord Atherton v. Dist. of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint ... 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant

must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'") (quoting *Erickson*, 551 U.S. at 94 and *Iqbal*, 556 U.S. at 679).

### B. The Individual Defendants Were Not Properly Served.

Service on the individual Defendants was not sufficient. Service on a defendant's purported place of employment is not effective service on an individual. Plaintiff takes the position that he can effectuate service on Defendants by serving North Branch Correctional Institution, where Defendants were purportedly employed at certain periods relevant to Plaintiff's Complaint. Complaint, p. 1. However, Maryland Rule 2-12(a), which governs service of process on individuals, does not include service on an individual's place of employment as a method.

> Service of process may be made ... (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summon, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery—show to whom, date, address of delivery."

Md. Rule 2–121(a). Plaintiff's attempts to serve the individual defendants at their purported workplaces do not serve to effectuate service on these defendants. Accordingly, the individual Defendants should be dismissed.

### C. Plaintiff Fails to State a Claim for Violations of Article 25 of the Maryland Declaration of Rights.

As an initial matter, Plaintiff's vague claims that Defendants violated his rights under the Constitution of Maryland is improperly vague. Plaintiff fails to specify which specific provisions he contends Defendants violated and he does not state which purported acts or omissions led to the violations of those rights. (*See* Complaint). Plaintiff's allegations are nothing more than threadbare, conclusory, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]"

which do not suffice to support the claim pursued by Plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Defendants construe that Plaintiff attempts to claim a violation of Article 25 of the Maryland Declaration of Rights which is, textually and historically, substantially identical to the Eighth Amendment. *Walker v. State*, 53 Md. App. 171, 183, 452 A.2d 1234, 1240 (1982), citing *Phipps v. State*, 39 Md. App. 206, 211, 385 A.2d 90, 93-4 (1978). Article 25 of the Maryland Declaration of Rights is *in para materia* with the Eighth Amendment. *See Minor v. State*, 313 Md. 573, 589 n. 4, 546 A.2d 1028, 1035 n. 4 (1988) (Eldridge, J. concurring). State constitutional provisions such as Article 25 "are the equivalent of federal constitutional provisions or generally should be interpreted in the same manner as federal provisions." *Dua v. Comcast Cable of Maryland, Inc.*, 370 Md. 604, 621, 805 A.2d 1061 (2002).

Federal claims by prisoners that they received constitutionally deficient medical care in violation of the Eighth Amendment are governed by the deliberate indifference standard. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* The "deliberate indifference" standard is made up of (1) an objective component requiring that the pain or condition be sufficiently serious; and (2) a subjective component requiring that the offending officials acted with a sufficiently culpable state of mind. *Id.* at 104-06. The objective component is satisfied by a serious medical condition and the subjective component is satisfied by showing deliberate indifference by prison officials. *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). "[A] 'serious ... medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily

recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (citing *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

"[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). It requires that a prison official "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A prison official is not deliberately indifferent if she did not actually draw the inference that the prisoner was exposed to a specific risk of harm. *Id.* at 844; *see also Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997). Indeed, absent subjective knowledge, a prison official is not liable even "if the risk was obvious and a reasonable prison official would have noticed it." *Farmer*, 511 U.S. at 842.

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *accord Johnson*, 145 F.3d at 168. "Nor does a prisoner's disagreement with medical personnel over the course of his treatment make out a cause of action." *Taylor v. Bennett*, 105 F. Supp.2d 483, 487 (E.D. Va. 2000) (citing *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985)).

As set forth below, Plaintiff's allegations fail to rise to the level of an Article 25 or Eighth Amendment violation.

   *1.   Corizon*

There is no *respondeat superior* liability under 42 U.S.C. § 1983, and local governments or corporations performing a functionally traditionally performed by the government may not be

sued under § 1983 simply for employing a tortfeasor. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Baker v. Lyles*, 904 F.2d 925, 929 (4th Cir. 1990).

> "Although the 'principles of § 1983 policy-maker liability were articulated in the context of suits brought against municipalities and other local government defendants,' they 'are equally applicable to a private corporation acting under color of law when an employee exercises final policymaking authority concerning an action that allegedly causes a deprivation of federal rights.'"

*Safar v. Corizon, Inc.*, No. GJH-16-3277, 2018 WL 6505499, at *6 (D. Md. Dec. 11, 2018) (Slip Copy) (quotations omitted); *see also Fields v. Corizon Health, Inc.*, 490 Fed. App'x. 174, 181-182 (11th Cir. 2012) (finding that private entity providing medical services to inmates served a state function and could be held liable under § 1983).

Plaintiffs suing under § 1983 seeking to impose liability on a municipality must adequately plead and prove the existence of an official policy or custom "that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994). Similarly, "private corporations can only be held liable under § 1983 if 'an official policy or custom of the corporation causes the alleged deprivation of federal rights.'" *Rodriguez v. Smithfield Packing Co., Inc.*, 338 F.3d 348, 355 (4th Cir. 2003) (quoting *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999)).

In his Complaint, Plaintiff does not include any specific allegations against Corizon. (*See* Complaint) He does not even mention any custom or policy, let alone allege that any Corizon custom or policy was the moving force behind any constitutional violation. *See id.* Corizon is a private corporation that has contracted with the State of Maryland to provide medical services to inmates at certain institutions and it administers medical care only through its agents and employees. Accordingly, Corizon's alleged liability in this case is—by definition—purely

vicarious. Because principles of *respondeat superior* do not apply to § 1983 actions, the claims against Corizon must be dismissed. *See Monell*, 436 U.S. at 691; *Safar*, 2018 WL 6505499 at *6.

Plaintiff has failed to adequately plead the existence of an official policy or custom attributable to Corizon that proximately caused the deprivation of his rights, and he has failed to state a claim upon which relief may be granted. Accordingly, Corizon must be dismissed. *See Rodriguez*, 338 F.3d at 355; *Jordan by Jordan*, 15 F.3d at 338.

*2. Individual Defendants*

Plaintiff has also failed to state viable claims against the individual Defendants. As an initial matter, Plaintiff failed to allege any serious medical need. Plaintiff only vaguely refers to "chronic conditions" but does not describe what those conditions were. (Complaint, p. 3). While he alleges that he was denied a wheelchair or seated walker, he does not detail what alleged condition necessitated these devices and ulcers on his foot and right leg. (*Id*. at 6-7). Plaintiff further claims to have had lumps and blotches in his groin area. (*Id*. at 4). He also claims that a nurse refused Vitamin E lotion. (*Id*. at 6). However, dry skin or a skin rash fail to state a sufficiently serious medical need. *See Hunt v. Carver*, No. 1:19-00356, 2020 WL 9348170 (S.D.W.V. Nov. 25, 2020).

Plaintiff has also failed to allege facts demonstrating that Defendants were deliberately indifferent to Plaintiff's serious medical needs. Plaintiff alleges vaguely that he is dissatisfied with the treatment rendered to him but fails to allege how each Defendant was subjectively aware of a risk of serious harm to him and disregarded that risk. *Young v. City of Mount Ranier*, 238 F.3d 567, 576 (4th Cir. 2001). At most, Plaintiff disagrees with his medical providers' course of treatment. However, an inmate's disagreement with the medical judgment of his providers does not amount to deliberate indifference. *Wright*, 766 F.2d at 849. To the extent Plaintiff alleges

Defendants were negligent or committed medical malpractice, he fails to state a claim for deliberate indifference under § 1983. *Estelle*, 429 U.S. at 106; *Johnson*, 145 F.3d at 168.

### D. Plaintiff's Retaliation and Discrimination Claims Are Insufficient to State a Claim Upon Which Relief can be Granted.

Plaintiff also fails to state a claim for violation of his rights under the First Amendment or Article 40 of the Maryland Declaration of Rights. To state a colorable retaliation claim under Section 1983, a plaintiff "must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 738 (2018). The "plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Martin*, 858 F.3d at 249. Moreover, the "plaintiff's actual response to the retaliatory conduct is not dispositive of the question of whether such action would likely deter a person of ordinary firmness." *Id.* at 250. Finally, the plaintiff must plead sufficient facts to show that the allegedly retaliatory act "was taken in response to the exercise of a constitutionally protected right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).

Plaintiff states in a conclusory fashion that the medical treatment rendered to him was discriminatory and retaliatory. Plaintiff's vague claims of retaliation are insufficient to state a First Amendment or Article 40 claim. Plaintiff fails to provide any factual basis for the causation element of his retaliation and discrimination claims, which rest entirely on speculation of retaliation and retaliation with no facts stated to connect any Defendant's actions with his constitutionally protected conduct or with any discriminatory intent. Plaintiff's allegations of retaliation are nothing more than "labels and conclusions" and "formulaic recitation[s] of the

elements" of a retaliation claim absent of facts suggesting that Defendants' purported acts or omissions were "taken in response to the exercise of a constitutionally protected right." *Adams*, 40 F.3d at 75. Similarly, Plaintiff's claims of discrimination are vague, conclusory, and devoid of any factual support. Therefore, Plaintiff's retaliation and discrimination claims are subject to dismissal.

### E. Plaintiff Fails to State a Claim for Breach of Contract.

Plaintiff alleges that Defendants violated the terms of Corizon Health Inc.'s contract with the State of Maryland. (Complaint, p. 10). To the extent that Plaintiff asserts a breach of contract claim, this claim must be dismissed. Plaintiff does not allege he is a party to the contract. (*See id*.). Moreover, Plaintiff has not alleged that he is an *intended* third party beneficiary under the language of the subject contract. (*See id*.); *CR-RSC Tower I, LLC v. RSC Tower I, LLC*, 429 Md. 387, 458 (2012). Moreover, Plaintiff fails to allege that Corizon or any of its employees breached any specific contractual provision. (*See* Complaint). Plaintiff's allegations are, again, improperly vague and threadbare. *Twombly*, 550 U.S. at 555. Plaintiff is simply attempting to reword a medical malpractice claim as a breach of contract claim. Plaintiff's breach of contract claim should be dismissed.

### F. Plaintiff Has No Cause of Action Under HIPAA.

Plaintiff has no cause private cause of action for alleged violations of the HIPAA. Pub.L. No. 104-191, 110 Stat. 1936 (1996). While HIPAA establishes standards and regulations intended to protect the privacy and accuracy of medical records, it does not provide a private right of action for any citizen. 42 U.S.C. § 1320d-6(a)(2). Plaintiff's HIPAA claim therefore must be dismissed.

### G. The Maryland Tort Claims Act is Inapplicable to Defendants.

The Maryland Tort Claims Act ("MTCA") provides that the State of Maryland has partially waived its immunity in specific situations. *See* SG § 12–104. The MTCA is inapplicable to

Defendants, a private entity and purported employees of that private entity. The MTCA also does not confer to Plaintiff an independent cause of action. Plaintiff's claims of a violation of the MTCA should therefore be dismissed.

### H. Plaintiff's Medical Malpractice Claim is Subject to Dismissal.

"Medical malpractice claims must first be presented to the Maryland Health Claims Arbitration Board before a complaint may be filed in a court of law." *Miller v. Lehman*, No. JKB-14-0896, 2015 WL 641299, at *3 (D. Md. Feb. 12, 2015) (unpublished) (citing Md. Code Ann., Cts. & Jud. Proc. § 3-2A-04 *et seq.* (2007)). A plaintiff is "required under Maryland law to bring his medical malpractice claim before the Health Claims Arbitration Board as a condition precedent to filing a malpractice or negligence suit." *Id.*; *see also Johnson v. Wexford Health Sources, Inc.*, No. JKB-14-2513, 2015 WL 3441958, at *3 (D. Md. May 26, 2015) (unpublished) ("Should plaintiff wish to seek damages based on medical malpractice, he is required under Maryland law to bring his medical malpractice claim before HCADRO as a condition precedent to filing a malpractice or negligence suit.").

There is no evidence that Plaintiff complied with the mandatory prerequisites before filing suit. Specifically, Plaintiff was required to submit any medical malpractice claim to the Maryland Health Claims Arbitration Board before filing his complaint. Md. Code Ann., Cts. & Jud. Proc. § 3-2A-01 *et seq.*; *Miller*, 2015 WL 641299 at *3. Plaintiff's medical malpractice claim must therefore be dismissed due to his failure to submit his claim to the Maryland Health Claims Arbitration Board.

### I. Plaintiff Fails to State a Claim under the Americans with Disabilities Act.

Title II of the ADA applies to inmates in state prisons. *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 209–11 (1998). To establish a prima facie case under Title II of the ADA,

the Complaint facts must make plausible that Plaintiff: (1) suffers from a disability; (2) was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) the exclusion, denial of benefits, or discrimination was by reason of the disability. *See Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 502-03 (4th Cir. 2016).

However, "[t]o the extent that plaintiff claims that a denial of medical treatment violates his rights under the ADA, the claim fails." *Mondowney v. Baltimore County Detention Ctr.,* No. ELH-17-1538, 2019 WL 3239003, at *21 (D. Md. July 18, 2019).

Additionally, Title II of the ADA applies only to "public entities." 42 U.S.C. § 12132. Under 42 U.S.C. § 12131(1), "[t]he term 'public entity' means ... any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government." "A private contractor does not become a 'public entity' under Title II merely by contracting with a governmental entity to provide governmental services." *Bounds v. Corizon, Inc.*, No. 4:13CV297 CDP, 2013 WL 943784, at *3 (E.D. Mo. Mar. 11, 2013) (citing *Green v. City of New York*, 465 F.3d 65, 79 (2nd Cir. 2006)).

Plaintiff's ADA claim is subject to dismissal. First, Plaintiff's allegation of a denial of a purported medical assignment cannot support an ADA claim. *Mondowney*, No. ELH-17-1638, 2019 WL 3239003, at *21. Second, Corizon (and by extension, its employees) is not a "public entity" subject to liability under the ADA. *Green*, 465 F.3d at 79; *Bounds*, No. 4:13CV297 CDP, 2013 WL 943784, at *3. Finally, Plaintiff does not allege that he was denied his desired accommodation by reason of his disability. (*See* Complaint, p. 9). Plaintiff concludes only that the denial violated his rights under the ADA. Plaintiff thus fails to state a viable ADA claim. *Nat'l Fed'n of the Blind*, 813 F.3d at 502-03. Plaintiff's allegations of discrimination based on his

disability are nothing more than "labels and conclusions" and "formulaic recitation[s] of the elements" of an ADA claim absent of facts suggesting that the Corizon Defendants' actions were taken because of Plaintiff's disability. *Twombly*, 550 U.S. at 555.

WHEREFORE, Defendants Corizon Health, Inc. ("Corizon"), Holly Hoover, NP, Susan Pryor, RN, Janice Robinson, RN, Brittany Hamlett, and William Beeman, RN respectfully request that the Court dismiss the Complaint.

Respectfully submitted, this 15th day of February, 2022.

MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.

By: /s/ *Megan T. Mantzavinos*
**Megan T. Mantzavinos**
Bar Number: 16416
mmantzavinos@moodklaw.com
**Sarah C. Boehme**
Bar Number: 22334
sboehme@moodklaw.com
600 Baltimore Avenue, #305
Towson, Maryland 21204
(410) 339-6880
(410) 339-6881 (Fax)

*Attorneys for Corizon Health, Inc., Holly Hoover, NP, Susan Pryor, RN, Janice Robinson, RN, Brittany Hamlett, William Beeman, RN, William Raynor, III, RN*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of February 2022, a copy of the foregoing document was electronically transmitted to this court and mailed first class, postage pre-paid to:

Wayne Resper, #274-319
North Branch Correctional Institution
14100 McMullen Hwy., SW
Cumberland, MD  21502

*Pro Se Plaintiff*

/s/ *Megan T. Mantzavinos*
Megan T. Mantzavinos
