| | |
|---|---|
| WAYNE RESPER #274319, | IN THE |
| PLAINTIFF | |
| v. | CIRCUIT COURT |
| 1. CORIZON HEALTH, INC.<br>C/O THE CORPORATION<br>TRUST, INC.<br>2405 YORK ROAD, SUITE 201<br>LUTHERVILLE, MD 21093-2264 | FOR |
| 2. HOLLY L. HOOVER, NP<br>14100 MCMULLEN HWY., S.W.<br>CUMBERLAND, MD 21502 | ALLEGANY COUNTY |
| 13800 MCMULLEN HWY., S.W.<br>CUMBERLAND, MD 21502 | CASE NO.: C01CU21274 |
| 3. WILLIAM "BILL" BEEMAN, RN<br>14100 MCMULLEN HWY., S.W.<br>CUMBERLAND, MD 21502 | |
| 13800 MCMULLEN HWY., S.W.<br>CUMBERLAND, MD 21502 | |
| 4. SUSAN K. PRYOR, RN<br>14100 MCMULLEN HWY., S.W.<br>CUMBERLAND, MD 21502 | |
| 13800 MCMULLEN HWY., S.W.<br>CUMBERLAND, MD 21502 | |
| 5. BRITTANY HAMLET, RN<br>14100 MCMULLEN HWY., S.W.<br>CUMBERLAND, MD 21502 | |
| 13800 MCMULLEN HWY., S.W.<br>CUMBERLAND, MD 21502 | |
| 6. WILLIAM "BO" RAYNOR, RN<br>14100 MCMULLEN HWY., S.W.<br>CUMBERLAND, MD 21502 | |
| 13800 MCMULLEN HWY., S.W.<br>CUMBERLAND, MD 21502 | |

RECEIVED CIRCUIT COURT ALLEGANY CO 2021 NOV -2 A 11:01

7. JAN ROBINSON, RN
   14100 MCMULLEN HWY., S.W.
   CUMBERLAND, MD 21502

   13800 MCMULLEN HWY., S.W.
   CUMBERLAND, MD 21502

8. AMY BERKEBILE, RN
   14100 MCMULLEN HWY., S.W.
   CUMBERLAND, MD 21502

   13800 MCMULLEN HWY., S.W.
   CUMBERLAND, MD 21502,

   DEFENDANTS

## COMPLAINT

**I. JURISDICTION AND VENUE**

1. THIS IS A CIVIL ACTION AUTHORIZED BY THE CONSTITUTION OF MARYLAND, THE MARYLAND TORT CLAIMS ACT (MTCA) AND THE MARYLAND MALPRACTICE ACT (MMA) TO REDRESS THE DEPRIVATION OF RIGHTS SECURED BY THE CONSTITUTION OF MARYLAND.

2. THE CIRCUIT COURT FOR ALLEGANY COUNTY IS THE APPROPRIATE VENUE BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURRED.

**II. PLAINTIFF**

3. PLAINTIFF, WAYNE RESPER #274319, IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF MARYLAND IN THE CUSTODY OF THE MARYLAND DIVISION OF CORRECTION (DOC). PLAINTIFF IS CURRENTLY CONFINED AT NORTH BRANCH CORRECTIONAL INSTITUTION (NBCI) IN CUMBERLAND, MARYLAND.

2

### III. DEFENDANTS

4. Defendant, Corizon Health is the contracted health provider for the State of Maryland and employer of NP Holly Hoover, RN William Beeman, RN Brittany Hamlet, RN Susan K. Pryor, RN William Raynor, RN Jan Robinson and RN Amy Borkebile.

5. Each defendant is sued individually and in his/her official capacity. At all times mentioned in this complaint, each defendant acted under the color of state law.

### IV. FACTS

6. On Monday, August 24, 2020, Plaintiff was transferred to NBCI, along with Plaintiff's personal property, prescribed medications and prescribed medical devices.

7. Despite numerous written and verbal requests to NP Hoover and the medical department, Plaintiff's prescribed medications and devices were never returned, causing Plaintiff to suffer tremendous pain and suffering, along with severely exacerbated injuries related to chronic conditions, thereby terminating prescribed medical care.

NP Hoover failed to conduct an examination or evaluation of Plaintiff or direct the same, leaving Plaintiff's chronic conditions untreated.

NP Hoover failed to properly and accurately document Plaintiff's chronic medical conditions, subsequently failing to present Plaintiff to qualified medical personnel.

NP Hoover unlawfully endangered Plaintiff by failing to recognize Plaintiff's obvious need for medical care while

3

conducting herself in a cruel and unusual manner, inflicting torture upon plaintiff knowingly and maliciously. NP Hoover's blatant and malicious conduct was and remains unbecoming of a medical professional.

The NACI Medical Department and NP Hoover unreasonably delayed and failed to provide medical care for painful, bleeding lumps and blotches in plaintiff's groin area and front and back of plaintiff's thighs, exposing plaintiff to significant pain, suffering and bleeding for more than eight months.

Acting in an advisory capacity without examining plaintiff or directing the same, NP Hoover refused plaintiff any measure of medical care under the premise that plaintiff could purchase medical products from the commissary. Though she could have, NP Holly refused and failed to provide plaintiff medical care.

8. Despite numerous verbal requests to RN Hamlet, plaintiff was ignored and disregarded as RN Hamlet failed to report plaintiff's medical concerns, failed to properly provide plaintiff's medications and failed to provide plaintiff medical care while suggesting that the medical process was "not a democracy."

NP Hamlet's conduct was and remains unbecoming of a medical professional by endangering plaintiff while acquiescing to the infliction of torture upon plaintiff.

9. Despite the obvious need for medical care and numerous requests to the medical department, RN Beeman refused and failed to offer any measure of assistance to plaintiff in the acquisition of medical care for chronic conditions exacerbated by negligence for months. RN Beeman also failed to conduct an

4

examination of plaintiff or direct the same to provide medical care for the conditions complained of. RN Beeman also failed to refer plaintiff to qualified medical personnel for treatment, causing and inflicting torture upon plaintiff through silence. RN Beeman's conduct was and remains unbecoming of a medical professional.

10. Despite the obvious need for referral to advanced care, RN Pryor failed to properly and accurately document plaintiff's worsening condition, thereby exposing plaintiff to extended periods of unmanaged pain and suffering through inadequate medical care. RN Pryor refused and failed to provide dressing changes for plaintiff's right leg, claiming no order existed for care. RN Pryor's failure to document and report the need for medical care to my right leg subjected me to unnecessary pain and suffering, along with preventable deteriorative conditions. RN Pryor's conduct was and remains unbecoming of a medical professional.

Despite the obvious need to keep plaintiff's dressings dry when showering, RN Pryor failed to provide plaintiff with plastic bags and tape as noted in plaintiff's medical records, thereby depriving plaintiff opportunities to shower. RN Pryor also failed to present said needs to proper medical personnel for addressing, though RN Pryor knew the need existed.

11. Despite numerous verbal requests to RN Raynor during dressing changes, plaintiff was ignored and disregarded by RN Raynor's failure to evaluate and accurately document plaintiff's chronic condition. Though RN Raynor had firsthand knowledge of plaintiff's chronic condition, RN Raynor failed to

5

report Plaintiff's chronic swelling and blistering ulcers on Plaintiff's right leg and foot for referral to qualified medical personnel for treatment. RN Raynor failed to provide Plaintiff with prescribed supplies for care and protection of Plaintiff's dressed left leg for showering and deteriorating right leg and foot for a dressing and shower protection, suggesting "Holly" as the obstacle.

Through tacit approval of Plaintiff's medical mistreatment, RN Raynor endangered Plaintiff, acted in a cruel and unusual manner unbecoming of a medical professional while knowingly and maliciously acquiescing to the sadistic infliction of tortuous pain and suffering upon Plaintiff.

12. Through numerous sick-call requests, RN Jan Robinson was apprised of Plaintiff's chronic conditions but failed to refer Plaintiff to qualified medical personnel for treatment while failing to carry out an examination of Plaintiff to determine the basis for Plaintiff's sick-call requests that were routinely disregarded. RN Robinson's inaction and tacit approval of Plaintiff's medical mistreatment exposed Plaintiff to prolonged periods of pain and suffering that could have been prevented if RN Robinson had acted beyond silence. RN Robinson's conduct was and remains unbecoming of a medical professional.

13. During the course of a sick-call encounter with RN Amy Berkebile on August 26, 2021, Plaintiff again showed RN Amy the basis for Plaintiff's many requests to be presented to a physician and to have Vitamin E lotion and other medications renewed. After conveying, "Buy your own fucking lotion from commissary,"

RN Amy was asked if she was going to refer Plaintiff to a physician for treatment. After being advised that RN Amy would not refer Plaintiff to a physician and would not treat Plaintiff for the concerns presented, Plaintiff left the room.

Though RN Amy was familiar with Plaintiff's serious chronic conditions, RN Amy failed to provide Plaintiff any measure of medical care to relieve the conditions presented, exposing Plaintiff unnecessarily to prolonged periods of pain and suffering that she maliciously refused to treat or refer for treatment. RN Amy's vile approach to medical care was and remains unbecoming of a medical professional.

14. Defendants NP Hoover and RN Beeman blatantly lied about Plaintiff's need for a wheelchair, causing Plaintiff to miss more than twenty medical appointments that included several with a wound care specialist.

15. Defendants NP Hoover and RN Beeman maliciously failed to provide Plaintiff with a seated walker/ warker by which to access recreation, library, medical appointments, Skype visits, property passes and institutional access while providing walkers to other prisoners, causing Plaintiff to push a chair around for balance and support, injuring Plaintiff's hands and wrists.

16. Defendants NP Hoover and Beeman sought to conceal Plaintiff's conditions by ignoring Plaintiff's requests and known need for medical care, thereby endangering Plaintiff.

17. Defendants NP Hoover and RN Beeman did deliberately and maliciously inflict pain, suffering and experimental torture upon Plaintiff by refusing to treat Plaintiff and/or return

7

PLAINTIFF TO WESTERN MARYLAND REGIONAL MEDICAL CENTER (WMRMC) FOR FOLLOW-UP CARE AS DIRECTED BY EXPERTS, FACILITATING SEVERE EXACERBATION OF PLAINTIFF'S VASCULAR CONDITION.

18. THE DEFENDANTS DID DELIBERATELY AND MALICIOUSLY INFLICT PAIN, SUFFERING, AND EXPERIMENTAL TORTURE THROUGH MEDICATION DEPRIVATIONS AND MEDICATION MANIPULATION WITHOUT CAUSE OR EVALUATION OF PLAINTIFF.

19. THE DEFENDANTS DID DELIBERATELY AND MALICIOUSLY FAIL TO RENEW AND PROVIDE PLAINTIFF WITH MEDICATIONS NEEDED TO MANAGE PLAINTIFF'S CHRONIC CONDITIONS, MEDICATIONS PRESCRIBED BY MULTIPLE EXPERIENCED AND QUALIFIED MEDICAL PERSONNEL.

20. THE DEFENDANTS DID DELIBERATELY AND MALICIOUSLY ACT WITH DEPRAVED INDIFFERENCE BY REFUSING TO RESPOND TO PLAINTIFF'S REPEATED REQUESTS AND URGENT PLEAS FOR MEDICAL CARE FOR MONTHS.

21. THE DEFENDANTS DID DELIBERATELY AND MALICIOUSLY INFLICT PAIN AND SUFFERING, INCLUDING UNKNOWN HEALTH RISKS FROM LACK OF TREATMENT, UPON PLAINTIFF BY FAILING TO RESPOND TO PLAINTIFF'S MANY REQUESTS FOR EXAMINATION OF PAINFUL, DRAINING, BLEEDING LUMPS IN PLAINTIFF'S GENITAL AREA AND THE BACK OF PLAINTIFF'S THIGHS.

22. THE DEFENDANTS DID DELIBERATELY AND MALICIOUSLY ENDANGER PLAINTIFF BY FAILING TO PRESENT PLAINTIFF TO QUALIFIED MEDICAL PERSONNEL, BY NOT HAVING AN ON-SITE PHYSICIAN TO CONDUCT EXAMINATIONS, PROVIDE TREATMENT AND MAKE REFERRALS, ALONG WITH REQUIRING PLAINTIFF TO SEEK MEDICAL CARE FOR PLAINTIFF'S CHRONIC CONDITIONS THROUGH COMMISSARY.

23. THE DEFENDANTS DID DELIBERATELY AND MALICIOUSLY VIOLATE PLAINTIFF'S RIGHTS UNDER THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT (HIPAA) BY FAILING TO MAINTAIN ACCURATE MEDICAL RECORDS OF PLAINTIFF'S MEDICAL CONDITIONS AND NEED FOR MEDICAL CARE.

24. THE DEFENDANTS DID DELIBERATELY AND MALICIOUSLY PRECLUDE PLAINTIFF FROM SHOWER ACCESS, RECREATION, LIBRARY ACCESS, MEDICAL APPOINTMENTS, SKYPE VISITS AND INSTITUTIONAL ACCESS BY FAILING TO PROVIDE PLAINTIFF WITH A SEATED WALKER AND/OR WHEELCHAIR FOR SUPPORT TO WALK AND REST AS REQUIRED, DUE TO ADVANCED PERIPHERAL VASCULAR DISEASE (PVD).

25. THE DEFENDANTS DID DELIBERATELY AND MALICIOUSLY ENDANGER PLAINTIFF BY FAILING TO ISSUE A MEDICAL ASSIGNMENT FOR PLAINTIFF TO BE HOUSED PURSUANT TO THE AMERICANS WITH DISABILITIES ACT (ADA), AND THAT PLAINTIFF BE PERMITTED ACCESS TO SEATED SHOWERS WITH RAILINGS AND WHEELCHAIR ACCESS FOR INSTITUTIONAL MOVEMENTS.

26. THE DEFENDANTS DID DELIBERATELY AND MALICIOUSLY ENDANGER PLAINTIFF BY FAILING/REFUSING TO RENEW PLAINTIFF'S MEDICAL ASSIGNMENTS AND BY FAILING TO ADVANCE CONSULTATIONS AND/OR REFERRALS REGARDING PLAINTIFF'S PVD.

27. THE DEFENDANTS DID DELIBERATELY AND MALICIOUSLY ENGAGE IN DISCRIMINATORY, RETALIATORY MEDICINE - PROVIDING MEDICAL CARE TO OTHER PRISONERS WHILE DENYING THE SAME TO PLAINTIFF AFTER PLAINTIFF FILED MULTIPLE COMPLAINTS WITH THE WARDEN'S OFFICE REGARDING THE DEFENDANTS' GROSSLY DEFICIENT MEDICAL PRACTICES AGAINST PLAINTIFF.

28. THE DEFENDANTS DID DELIBERATELY AND MALICIOUSLY ENDANGER PLAINTIFF BY VIOLATING BOTH THE TERMS OF ITS CONTRACT WITH THE STATE OF MARYLAND AND THE CLINICAL SERVICES AND INMATE HEALTH CHRONIC DISEASE MANAGEMENT MANUAL.

29. IN PLAINTIFF'S PURSUIT OF MEDICAL CARE, THE DEFENDANTS DID DELIBERATELY AND MALICIOUSLY ABUSE THEIR AUTHORITY IN THE PRACTICE OF MEDICINE BY FOSTERING A HOSTILE, ANTAGONISTIC MEDICAL PROCESS.

30. BY IGNORING PLAINTIFF'S SICK-CALL REQUESTS AND FOSTERING SIGNIFICANT DELAYS IN THE ISSUANCE OF ANY RESPONSE, OFTEN WEEKS TO MONTHS LATER, THE DEFENDANTS SOUGHT TO THWART PLAINTIFF'S EFFORTS TO OBTAIN MEDICAL CARE.

31. INCORPORATING EACH OF THE AFOREMENTIONED ALLEGATIONS, THE DEFENDANTS DID DELIBERATELY AND MALICIOUSLY FAIL/REFUSE TO RENDER THE STANDARD OF CARE FOR PLAINTIFF'S CHRONIC CONDITIONS, THEREBY VIOLATING THE MARYLAND HEALTHCARE MALPRACTICE CLAIMS ACT BY DEPRIVING PLAINTIFF PRESCRIBED CARE; BY FAILING TO PROVIDE MEDICAL CARE FOR MONTHS, BY FAILING TO REFER PLAINTIFF TO VASCULAR SPECIALISTS, BY FAILING TO MAINTAIN ACCURATE MEDICAL RECORDS, BY ENGAGING IN OBDURATE, VINDICTIVE AND NEFARIOUS MEDICINE AND BY THE IMPOSITION OF OPPRESSIVE PAIN AND SUFFERING FOR MONTHS.

V. LEGAL CLAIMS

32. PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE PARAGRAPHS 1 THROUGH 31.

33. THE DEFENDANTS' DEPRAVED INDIFFERENCE, GROSS NEGLIGENCE, MALPRACTICE AND DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL NEEDS ENDANGERED PLAINTIFF WHILE INFLICTING INJURIES TO WHICH PLAINTIFF HAS BEEN AND CONTINUES TO BE EXPOSED IN VIOLATION OF THE

Constitution of Maryland, the Maryland Healthcare Malpractice Claims Act (MHCMCA), and the Maryland Tort Claims Act (MTCA).

34. Plaintiff has made every possible attempt to resolve every issue presented herein to no avail and has no plain, adequate or complete remedy at law to redress the wrongs described herein.

## VI. Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment granting Plaintiff:

35. A declaration that the acts and omissions described herein violate Plaintiff's rights under the Constitution of Maryland, the MHCMCA and the MTCA.

36. Compensatory damages for the violations described herein.

37. Punitive damages for the violations described herein.

38. Nominal damages for the violations described herein.

39. A jury trial on all issues triable by jury.

40. Plaintiff's costs in this suit.

41. Any additional relief this Court deems just, proper and equitable.


Respectfully submitted,

*Wayne Kesper*
WAYNE KESPER 274314
NBCI
14100 McMullen Hwy., S.W.
Cumberland, MD 21502

## VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND, AS TO THOSE, I BELIEVE THEM TO BE TRUE.

I CERTIFY, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT

EXECUTED AT CUMBERLAND, MARYLAND ON THIS 29TH DAY OF OCTOBER 2021.

*Wayne Resper*
WAYNE RESPER 274319