IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WAYNE RESPER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-22-378 |
| CORIZON, et al., | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

On November 2, 2021, self-represented plaintiff Wayne Resper, currently incarcerated at North Branch Correctional Institution in Cumberland, Maryland, brought this civil action in the Circuit Court for Allegany County, Maryland, against Corizon Health, Inc., Holly Hoover, NP, Susan Pryor, RN, Janice Robinson, RN, Brittany Hamlett, and William Beeman, RN alleging that he has been denied adequate medical care. ECF 1-1 at 12-22. In his complaint, plaintiff asserted that he brought his claims pursuant to the Maryland Declaration of Rights, Maryland Tort Claims Act, and Maryland Malpractice Act. *Id.*  In the body of his complaint, plaintiff alleges that defendants violated his rights under both the Health Insurance and Portability Accountability Act (HIPPA) 42 U.S.C. §1320d *et seq.* and Americans with Disabilities Act (ADA)  42 U.S.C. §§ 12132–12134.  ECF 1-1 at 20.

On February 14, 2022, defendants removed the case to this Court and filed a Motion to Dismiss supported by a Memorandum. ECF 1, 2, 3 and 4. Plaintiff, who was unaware that defendants sought to remove the case, learned of the removal when he received notification from this court (ECF 11) regarding the motion to dismiss. ECF 12 at 1. In response to defendants' removal notice, plaintiff has filed Motions to Remove the Complaint to Circuit Court and to Strike

the removal notice (ECF 12, 13), to which defendants have responded (ECF 14, 15) and plaintiff has replied. (ECF 16).

In short, plaintiff opposes the removal of the case to this Court, explaining that he sought only to assert state law claims against defendants. ECF 12 and 13. It is unclear from his filings whether plaintiff seeks to withdraw his HIPAA and ADA claims, so that the only claims that remain are state claims. For the reasons explained below, the Court agrees with defendants that plaintiff has not stated a HIPAA or ADA claim, however, the Court will not consider plaintiff's state law claims. Therefore, defendants' Motion to Dismiss IS GRANTED in part and DENIED in part. A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021). Given that the only claims that remain are state law claims, the balance of the case shall be remanded to the state court for any and all further proceedings and plaintiff's Motions to Remove Complaint and to Strike are DENIED as moot.

## Background

The complaint alleges that the named medical providers failed to provide adequate medical care to treat plaintiff's peripheral vascular disease by: ignoring his sick call requests, failing to prescribe him pain medication, refusing to order assistive devices, denying necessary treatment and evaluations, and refusing to refer him to other medical providers. ECF 1-1 at 12-22. Plaintiff also claims that his rights under HIPPA were violated when defendants failed to maintain accurate medical records (*id*. at 20) and his rights under the ADA were violated when defendants failed to provide him a "medical assignment" for housing (*id*.)

## Standard of Review

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the

facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d, 247, 251 (7th Cir. 1994)) (once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint').

## Analysis

### A. Federal Claims

To the extent plaintiff intended to assert claims under the ADA and HIPAA, those claims must be dismissed. At its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore State's Att'y Office*, 767 F.3d 379, 402 (4th Cir. 2014). Section 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In analyzing a § 1983 claim, a court must first identify "the specific constitutional right allegedly infringed." *Albright*, 510 U.S. at 271.

Plaintiff contends that defendants failed to accurately record his health concerns in his medical chart in violation of HIPAA. Plaintiff's claim must be dismissed as HIPAA does not create a private right of action. *Payne v. Taslimi*, 998 F. 3d 648, 660 (4th Cir. 2021).

Plaintiff's ADA claim must also be dismissed. In order to have a claim under Title II of the ADA, a plaintiff must show that he/she is a person with a disability as defined by the statute; that he/she is otherwise qualified for the benefit claimed to have been denied; and that he/she was excluded from the benefit due to discrimination based on disability. *See Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 502-03 (4th Cir. 2016) (citing *Constantine v. George Mason Univ.*, 411 F3d 474, 498 (4th Cir. 2005)); *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264-65 (4th Cir. 1995); *see also* 42 U.S.C. § 12131 *et seq.* Plaintiff has failed to allege that he is a person with a disability defined by the statute or that he was excluded from a benefit due to discrimination based on his disability.

Additionally, to the extent plaintiff claims that denial of medical treatment violated his rights under the ADA, that claim is unavailing. Although the Fourth Circuit has not addressed this issue in a published opinion, unpublished cases from this circuit and published and unpublished cases from other circuits indicate that a prisoner may not state a claim under the ADA for a lack of medical treatment. *See, e.g., Goodman v. Johnson*, 524 F.App'x 887, 890 (4th Cir. 2013) (affirming dismissal of ADA claim that alleged prison's refusal to provide inmate contact lenses, instead of glasses, to correct his impaired vision, as inmate failed to indicate that, due to his disability, he had been deprived of benefits for which he was otherwise qualified); *Miller v. Hinton,* 288 F.App'x 901, 902-03 (4th Cir. 2008) (prison's alleged denial of access to colostomy bags and catheters by inmate, who was a paraplegic confined to a wheelchair and used such supplies for urinary bladder control, did not constitute disability discrimination in violation of ADA absent a showing that inmate was treated in that manner because of his disability); *Burger v. Bloomberg,* 418 F.3d 882, 883 (8th Cir. 2005) (medical care provided to inmate for his diabetes could not be basis for action); *Fitzgerald v. Corr. Corp. of Am.,* 403 F.3d 1134, 1144 (10th Cir. 2005) (inmate's

claims under ADA were properly dismissed for failure to state claim as they were based on medical treatment decisions); *Spencer v. Easter,* 109 F.App'x 571, 573 (4th Cir. 2004) (failure to provide timely refills of prescription drugs did not amount to an ADA violation where there was no showing that it was done based on prisoner's disability); *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir. 1996) (holding that the ADA is not "violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. No discrimination is alleged; Bryant was not treated worse because he was disabled."). In light of the foregoing, plaintiff's ADA claim must be dismissed.

### B. Remaining Claims

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" and "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. §§ 1331, 1332(a)(1). When a plaintiff files such an action in state court, the case "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The defendant bears the burden of showing the court has jurisdiction over the removed action. *See Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).

The court strictly construes removal statutes because "the removal of cases from state to federal court raises significant federalism concerns." *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (*en banc*), *abrogated in part on other grounds by* 28 U.S.C. § 1446(b)(2)(B); *see*

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). "[A]ny doubt about the propriety of removal should be resolved in favor of remanding the case to state court." *Barbour*, 640 F.3d at 617.

Defendants removed this case on the basis of federal question jurisdiction, but plaintiff clarifies that it was not his intention to assert any federal cause of action, and review of the only possible federal claims demonstrates that they do not state a cause of action and are now dismissed. Remand is warranted because actions brought under state law do not give rise to federal question subject matter jurisdiction, and defendants have not identified another basis for this court's jurisdiction.

Defendants contend that plaintiff's claims regarding denial of medical care asserted under the Maryland Declaration of Rights should be considered *in para materia* with a claim asserted under the Eighth Amendment. ECF 4 at 5. Plaintiff has not, however, asserted an Eighth Amendment violation and jurisdiction must be found in the plaintiff's claims, not in a defense. *See Old Dominion Elec. Coop. v. PJM Interconnection*, LLC, 24 F.4th 271, 279 (4th Cir. 2022).

Pursuant to 28 U.S.C. § 1367(c), this Court may decline to exercise jurisdiction where, among other things, the court has dismissed all claims over which it has original jurisdiction, or the claim asserted substantially predominates over the claim(s) which the court has original jurisdiction. Here, solely state law claims remain, and the two federal claims supporting the Court's original jurisdiction have been dismissed. Under these circumstances, the Court has latitude in determining whether to retain jurisdiction over the state claims. Where, as here, the federal claims were resolved shortly after filing, there is no basis for this Court to elect to retain jurisdiction. "With all its federal questions gone, there may be the authority to keep [this case] in federal court under 28 U.S.C. §§ 1367(a) . . .but there is no good reason to do so." *Waybright v.*

*Frederick County, MD,* 528 F.3d 199, 209 (4th Cir. 2008); *see also Farlow v. Wachovia Bank of North Carolina, N.A.,* 259 F.3d 309, 316 (4th Cir. 2001); *Arrington v. City of Raleigh*, 369 F. App'x 420, 423–24 (4th Cir. 2010).

    A separate Order follows.

Dated: August 16, 2022                      _____/s/_____
                                                            Stephanie A. Gallagher
                                                            United States District Judge